UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICO REMON WASHINGTON,

v.  Case No. 8:17-cr-599-VMC-TGW
     8:20-cv-1972-VMC-TGW

UNITED STATES OF AMERICA.

_____/

**<u>ORDER</u>**

This matter is before the Court pursuant to Rico Remon Washington's pro se 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence, filed on August 17, 2020, (Civ. Doc. # 1; Crim. Doc. # 72), and amended on December 16, 2020. (Civ. Doc. # 13). For the reasons that follow, the Motion is denied.

**I.  <u>Background</u>**

On December 13, 2017, the government charged Washington with Hobbs Act robbery (Count 1), using, carrying, and brandishing a firearm in furtherance of a crime of violence (Count 2), and being a felon in possession of a firearm (Count 3). (Crim. Doc. # 1).

Washington moved to dismiss Count 2 on April 2, 2018, arguing: "Count 2 fails to state an offense because Hobbs Act

robbery is not a crime of violence as a matter of law." (Crim. Doc. # 17 at 1). The Court "roundly reject[ed]" this argument, noting that the Eleventh Circuit has consistently found Hobbs Act robbery to qualify as a crime of violence under Section 924(c). (Crim. Doc. # 27 at 3-4).

Subsequently, in June 2018, Washington pleaded guilty to one count of committing Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) and one count of using, carrying, and discharging a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii). (Crim. Doc. ## 30, 38). The conviction under Section 924(c) was predicated on Washington's Hobbs Act robbery charge. (Crim. Doc. # 45 at 5). Count 3 (being a felon in possession of a firearm) was dismissed on the motion of the United States per the plea agreement. (Crim. Doc. # 47).

On September 20, 2018, the Court sentenced Washington to 240 months' imprisonment, followed by five years' supervised release. (Crim. Doc. # 47). Washington's criminal history included two prior felony convictions for controlled substance offenses, which meant that the career-offender guideline enhancement applied pursuant to USSG § 4B1.1(a). (Crim. Doc. # 45 at 7, 18-19).

Washington filed a notice of appeal on October 2, 2018. (Crim. Doc. # 53). On appeal, Washington did not challenge the application of the career-offender guideline enhancement. Rather, Washington argued that Hobbs Act robbery was not a crime of violence under 18 U.S.C. § 924(c). (Crim. Doc. # 68 at 1-2).

The Eleventh Circuit rejected this argument and affirmed Washington's conviction on September 12, 2019, holding that Hobbs Act robbery qualified as a crime of violence under Section 924(c)(3)(A) (Id. at 3).

On August 17, 2020, Washington filed the instant Motion to Vacate, Set Aside, or Correct Sentence. (Civ. Doc. # 1; Crim. Doc. # 72). Citing United States v. Eason, 953 F.3d 1184 (11th Cir. 2020), Washington challenges his conviction on the grounds that Hobbs Act robbery no longer qualifies as a crime of violence under Section 924(c). Washington also challenges the Court's application of the career-offender guidelines, arguing that Hobbs Act robbery no longer constitutes a crime of violence under Section 4B1.1(a), therefore his sentence should not have been enhanced.

On September 9, 2020, Washington filed a motion to appoint counsel regarding this Motion (Civ. Doc. # 6). Before the Magistrate could rule on the motion, Washington filed a

3

second request for counsel on November 23, 2020. (Civ. Doc. # 10). Both motions were denied by the Magistrate on December 3, 2020. (Civ. Doc. # 12).

The United States responded to Washington's Motion on December 2, 2020, (Civ. Doc. # 11).

Subsequently, on December 16, 2020, Washington filed a motion to amend the instant Motion. (Civ. Doc. # 13). Washington sought to add an additional ground, arguing that his "defense counsel was ineffective for failing to object to the calculation of petitioner being a career offender in light of [Eason]." (Id. at 3-4). The United States did not respond in opposition to the motion to amend. Therefore, the Court allowed amendment and stated that it would consider Washington's claim of ineffective counsel. (Civ. Doc. # 17).

Washington filed his reply on January 22, 2021. (Civ. Doc. # 16). The government responded to the amendment's additional claim of ineffective counsel on June 7, 2021. (Civ. Doc. # 22). Washington has replied (Civ. Doc. # 24), and now all portions of Washington's Section 2255 Motion, including the argument Washington raised in his motion to amend, are ripe for review.

4

## II. Discussion

Washington advances three main arguments in support of his claim for post-conviction relief. (Civ. Doc. # 1). First, Washington claims he is entitled to relief because following Eason, Hobbs Act robbery no longer qualifies as a crime of violence under Section 924(c). (Id. at 2, 4-7). Second, he challenges the "career offender" enhancement to his sentence, claiming that post-Eason, Hobbs Act robbery is no longer a crime of violence under Section 4B1.1. (Id. at 8). Third, in his reply and motion to amend, Washington argues that his defense counsel was ineffective for failing to object to the Court's application of the career offender sentencing enhancement. (Civ. Doc. # 13 at 3; Civ. Doc. # 16).

Washington bears the burden of proving that he is entitled to relief under Section 2255. See Rivers v. United States, 777 F.3d 1306, 1316 (11th Cir. 2015) ("[W]e note that Rivers bears the burden to prove the claims in his [Section] 2255 motion."). The Court will address each of Washington's arguments in turn.

### A. Section 924(c) Challenge

Washington's first three grounds all turn on the argument that after Eason, Hobbs Act robbery is no longer a

crime of violence under Section 924(c). (Civ. Doc. # 1 at 4-6; Civ. Doc. # 2 at 6, 13, 16).

In ground one, Washington states that he is "actually innocen[t] of Hobbs Act robbery, based on the decision in [Eason], because Hobbs Act robbery no longer qualifies as a crime of violence, thereby [] rendering counts 1 and 2 non-existing offenses." (Civ. Doc. # 1 at 4). Similarly, in ground two, Washington argues he is "actually innocen[t] of 'using, carrying . . . a firearm during and in relation to a crime of violence . . . ,' because Hobbs Act robbery . . . no longer qualifies as a 'crime of violence.'" (Id. at 5). In ground three, Washington asserts that the Court "lack[ed] jurisdiction to convict and impose a sentence for a violation of 924(c)(1)(A) because Hobbs Act robbery does not constitute a crime of violence for the purpose of . . . Section 924(c)." (Id. at 7).

The United States responds that all three challenges should be denied because regardless of the Eleventh Circuit's ruling in Eason, "an attempt to commit Hobbs Act robbery remains a [qualifying] crime of violence" under Section 924(c). (Civ. Doc. # 11 at 6).

The Court agrees that Eason does not impact Washington's Hobbs Act robbery conviction. Washington was convicted of one

6

count of using, carrying, and discharging a firearm during and in relation to a crime of violence under Section 924(c). (Crim. Doc. ## 30, 38). Section 924(c) defines a "crime of violence" as a felony that (1) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" (the "elements clause") or (2) "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the "residual clause"). 18 U.S.C. § 924(c)(3).

Although the Supreme Court deemed the residual clause's definition of a "violent" felony unconstitutionally vague in United States v. Davis, 139 S. Ct. 2319, 2336 (2019), the Eleventh Circuit has repeatedly held since Davis that Hobbs Act robbery still qualifies as a crime of violence under the elements clause of Section 924(c). See, e.g., United States v. McCain, 782 F. App'x 860, 862 (11th Cir. 2019) (per curiam) ("Our binding precedent holds that Hobbs Act robbery – the statute underlying both of McCain's predicate convictions – qualifies as a 'crime of violence' under [Section] 924(c)(3)(A)'s elements clause."); Vega v. United States, 794 F. App'x 918, 920 (11th Cir. 2019) (per curiam) ("We are bound by our prior holding in Saint Fleur that Hobbs Act robbery is

7

a crime of violence under [Section] 924(c)'s elements clause."); United States v. McCant, 805 F. App'x 859, 863-64 (11th Cir. 2020) (per curiam) (same).

Indeed, in its order denying Washington's motion to dismiss (which also argued that Hobbs Act robbery was not a crime of violence under Section 924(c)), the Court examined the "long line of Eleventh Circuit cases" holding that Hobbs Act robbery qualifies as a crime of violence under Section 924(c)'s elements clause. (Crim. Doc. # 27 at 3).

The Court agrees with the government that Eason did not displace or overrule this precedent. Instead, Eason addressed an entirely separate question: whether Hobbs Act robbery qualified as a crime of violence under the career-offender guidelines, USSG § 4B1.1(a). 953 F.3d at 1195. The Eleventh Circuit held that it did not, as the guideline's definition of crime of violence did not encompass Hobbs Act robbery. Id.

While this means that "[a] conviction for Hobbs Act robbery [] cannot serve as a predicate for a career offender sentencing enhancement," Id., it does not disturb binding Eleventh Circuit precedent that Hobbs Act robbery is a qualifying crime of violence under Section 924(c). See United States v. Vega-Castillo, 540 F.3d 1235, 1236 (11th Cir. 2008) (noting that the Eleventh Circuit is "bound to follow a prior

8

binding precedent 'unless or until it is overruled by this court en banc or by the Supreme Court'" (internal citation omitted)).

United States v. St. Hubert, 909 F.3d 335 (11th Cir. 2018), and In re Fleur, 824 F.3d 1337 (11th Cir. 2016), therefore remain binding on this Court, and Washington's Hobbs Act robbery conviction remains a crime of violence under Section 924(c)'s elements clause.

Accordingly, the Court agrees with the government that Washington is entitled to no relief from his Section 924(c) conviction. His Motion is denied as to grounds one through three.

### B. Section 4B1.1(a) Challenge

Washington next argues that in light of Eason, his Hobbs Act robbery conviction no longer constitutes a crime of violence under Section 4B1.1(a). Therefore, per Washington, he is no longer a "career offender" and the Court erred by enhancing his sentence. (Civ. Doc. # 1 at 8; Civ. Doc. # 2 at 19).

The government responds that by "failing to challenge it on direct appeal, Washington procedurally defaulted on his challenge regarding the application of the career-offender guideline, USSG § 4B1.1(a)." (Civ. Doc. # 11 at 6).

9

The Court agrees that the argument is procedurally barred. "A motion under [Section] 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a [Section] 2255 motion and will be considered procedurally barred." Krecht v. United States, 846 F. Supp. 2d 1268, 1278 (S.D. Fla. 2012) (citing Massaro v. United States, 538 U.S. 500 (2003)). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" Bousley v. United States, 523 U.S. 614, 622 (1998) (citations omitted).

Washington admits that he failed to object to the application of the career-offender guidelines on direct appeal (Civ. Doc. # 13 at 15-16). Therefore, one of the two Bousley exceptions — actual innocence or cause and prejudice — must apply for the argument to survive procedural default. 523 U.S. at 622. The Court finds that neither applies.

1.  **Actual Innocence**

A district court may excuse procedural default and review the merits of a claim if the petitioner can show actual innocence. Sawyer v. Whitley, 505 U.S. 333, 339 (1992).

Washington claims in his Motion that after the Eleventh Circuit decision in Eason, he is "actually innocen[t] of Hobbs Act robbery" and "actually innocen[t] of being a career offender." (Civ. Doc. # 1 at 4, 8).

However, "'actual innocence' means factual innocence (i.e. that the petitioner did not commit the crime of which he was convicted), not mere legal insufficiency." Bousley, 523 U.S. at 623. Washington fails to present any evidence that he is factually innocent of his crimes. Instead, he only argues that (1) based on Eason, his Hobbs Act robbery conviction is no longer a crime of violence, and (2) he was erroneously sentenced as a career offender because his prior conviction no longer qualifies as a crime of violence. (Id.).

Both claims are of "legal, rather than factual, innocence and thus fail[] to fall within the actual innocence exception's purview." McKay v. United States, 657 F.3d 1190, 1198 (11th Cir. 2011). Accordingly, Washington has failed to adduce any evidence of actual innocence that could overcome his procedural default.

### 2. **Cause and Actual Prejudice**

Nor has Washington shown cause justifying his procedural default. In his pleadings, Washington attributes his default to "counsel ineffectiveness," specifically counsel's

"fail[ure] to raise the [career offender guideline] issue on direct appeal." (Civ. Doc. # 13 at 2-3; Civ. Doc. # 16 at 15).

"[A] claim of ineffective assistance of counsel may constitute cause for a procedural default." Krecht, 846 F. Supp. 2d at 1279 (citing Murray v. Carrier, 477 U.S. 478 (1986)). However, "[n]ot just any deficiency in counsel's performance will do." Edwards v. Carpenter, 529 U.S. 446, 451 (2000) (citing Carrier, 477 U.S. at 488-489). Counsel's assistance "must have been so ineffective as to violate the Federal Constitution." Id.

Accordingly, "[t]o establish cause for [his] default based upon ineffective assistance of counsel, [Washington] must show that his attorneys' performance fell below an objective standard of reasonableness and that [he] suffered prejudice as a result." United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999) (citing Carrier, 477 U.S. at 488; Strickland v. Washington, 466 U.S. 668, 687 (1984)).

Washington fails to satisfy the first prong and overcome the "strong presumption" that "counsel's conduct [fell] within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 688. Washington contends that his counsel was constitutionally deficient because counsel "did

12

not put forth a better tactical defensive effort." (Civ. Doc. # 24 at 5-6). Specifically, Washington explains that as his direct appeal was pending, "the Eleventh Circuit [was] deciding whether a conviction for Hobbs Act robbery qualifie[d] as a 'crime of violence' under [Section 4B1.1]." (Civ. Doc. # 16 at 17). But rather than raise that issue, Washington's counsel "argued that Hobbs Act robbery is not a 'crime of violence' under [Section] 924(c)." (Id.).

Washington takes issue with the fact that counsel pursued the Section 924(c) argument – "[a]n issue that was already decided prior to Davis" – rather than "rais[ing] the [Section 4B1.1] issue that was pending in the Eason court." (Id. at 17-18). According to Washington, "had [counsel] been familiar with the application of the career offender process," he would have "preserve[d] the correct legal issues and weigh[ed] every possible strategic way to combat during his argument." (Civ. Doc. # 24 at 5-6).

The Eleventh Circuit has consistently "held that counsel cannot be deemed ineffective for failing to anticipate a change in the law." Bajorski v. United States, 276 F. App'x 952, 954 (11th Cir. 2008) (citing Funchess v. Wainwright, 772 F.2d 683, 691 (11th Cir. 1985)). "Even if a claim based upon an anticipated change in the law is reasonably available at

13

the time counsel failed to raise it," the Eleventh Circuit has found that "such failure does not constitute ineffective assistance." Id. (citing Pitts v. Cook, 923 F.2d 1568, 1573-74 (11th Cir. 1991)). Other circuits have come to similar conclusions. See Lilly v. Gilmore, 988 F.2d 783, 786 (7th Cir. 1993) (holding that "the Sixth Amendment does not require counsel to forecast changes or advances in the law"); United States v. Smith, 241 F.3d 546, 548 (7th Cir. 2001) ("Nor does [petitioner] contend that counsel was ineffective for failure to anticipate Apprendi; no such argument would be tenable.").

This is because the Sixth Amendment does not require appellate advocates to raise every nonfrivolous issue. Jones v. Barnes, 463 U.S. 745, 751. (1983); see also Dickerson v. United States, No. CR605-016, 2009 WL 2016113, at *2 (S.D. Ga. July 8, 2009) (holding that "[a]pellate counsel has no duty to assert every potentially colorable claim of error, even if his client urges him to do so"). On the contrary, the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." Smith v. Murray, 477 U.S. 527, 536 (1986) (citing Jones, 463 U.S. at 751-752).

Accordingly, the Court owes "substantial deference to counsel's decisions not to raise an argument, even a meritorious argument, if the decision might be considered sound trial strategy." McPhearson v. United States, 675 F.3d 553, 559 (6th Cir. 2012) (quoting Hodge v. Hurley, 426 F.3d 368, 385 (6th Cir. 2005)). Here, counsel's affidavit indicates that he chose to "focus[] on preserving an argument" regarding Section 924(c) because "Section 924(c) does not include an enumerated list of offenses. However, the Guidelines' definition of 'crime of violence' does contain an enumerated list, and enumerates 'robbery' as one of the predicate offenses." (Civ. Doc. # 22-1 at 2).

Such a strategy, based on the specific language of the statutes, is not so unsound as to constitute deficient counsel. Instead, the Court agrees with the government that it "[falls] well within the 'wide range of professionally competent assistance' required under the Sixth Amendment to the Federal Constitution." Murray, 477 U.S. at 536 ("Nor can it seriously be maintained that the decision not to press the claim on appeal was an error of such magnitude that it rendered counsel's performance constitutionally deficient under the test of Strickland." (quoting Strickland, 466 U.S. at 690)); see also Jones, 463 U.S. at 751–54 (recognizing

15

that appellate counsel needs latitude in selecting issues to raise on appeal).

Nor can the Court agree with Washington that his counsel was constitutionally "unknowledgeable," (Civ. Doc. # 24 at 5-6), considering that counsel declares himself to be "familiar" with the relevant issues "then and [] now." (Civ. Doc. # 22-1 at 2). As the government convincingly argues, Eason was decided several months after Washington's judgment of conviction became final and over a year after his sentencing. Reasonably effective representation did not require Washington's counsel to "make arguments or objections based on predictions as to how the law may develop." Denson v. United States, 804 F.3d 1339, 1343 (11th Cir. 2015); see also Marquard v. Sec'y for Dep't of Corr., 429 F.3d 1278, 1313 (11th Cir. 2005) (explaining that counsel's performance was not ineffective for failing to contemplate a future Supreme Court decision). Therefore, Washington's "counsel cannot be deemed ineffective for failing to anticipate a change in the law" that would not occur for several months. Viers v. Warden, 605 F. App'x 933, 942 (11th Cir. 2015) (citing Spaziano v. Singletary, 36 F.3d 1028, 1039 (11th Cir. 1994)).

At worst, counsel's choice to forego a certain argument on appeal amounted to a "miscalculation of the likelihood of success of such a challenge." Mikalajunas, 186 F.3d at 493. But "such failure to pursue a basis for appeal by reason of a mere miscalculation of the likelihood of success does not constitute constitutionally ineffective representation." Id.; see also Smith, 477 U.S. at 535 (recognizing "that 'the mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default'" (internal citation omitted)).

In sum, "[Washington's] counsel's performance was not deficient because he was not required to act in anticipation of [Eason]." Bajorski, 276 F. App'x at 954. The decision on appeal to challenge the definition of a "crime of violence" under Section 924(c), rather than under Section 4B1.1, was not so unsound that no reasonable attorney would have made the same choice. See Hair v. United States, 8:09-cv-2253-EAK-EAJ, 2010 WL 2772311, at *3 (M.D. Fla. July 13, 2010) (noting that "as long as another reasonable attorney might conduct him or herself at trial in the same way [the defendant's] defense counsel conducted him or herself, counsel was not ineffective"). On the contrary, counsel's "co-counsel and

17

then-supervisor" came to the same legal conclusion. (Civ. Doc. # 22-1 at 1). Therefore, Washington fails to satisfy the first prong of unconstitutionally deficient counsel.

In turn, Washington fails to demonstrate ineffective assistance of counsel as cause for his procedural default on the challenge to the application of the career-offender guideline. For this reason, the Motion's fourth ground must be denied.

### C. Ineffective Counsel

Lastly, in his motion to amend the instant Motion, Washington argues that "defense counsel was ineffective for failing to object to the calculation of [Washington] being a career offender in light of [Eason]." (Civ. Doc. # 13). The Court has already considered this claim in the previous section as part of the procedural default issue. As stated previously, the Court finds that Washington has failed to show that his counsel's conduct was so unreasonable as to be considered constitutionally deficient. Strickland. 466 U.S. 668. Thus, Washington's Motion is denied as to this ground.

### III. Evidentiary Hearing

The Eleventh Circuit Court of Appeals has explained that "[a] habeas corpus petitioner is entitled to an evidentiary hearing on his claim 'if he alleges facts which, if proven,

would entitle him to relief.'" Smith v. Singletary, 170 F.3d 1051, 1053 (11th Cir. 1999) (internal citation omitted). However, "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Schriro v. Landrigan, 550 U.S. 465, 474 (2007).

Here, Washington has failed to establish the need for an evidentiary hearing. See Birt v. Montgomery, 725 F.2d 587, 591 (11th Cir. 1984) (noting that the "burden is on the petitioner in a habeas corpus proceeding to establish the need for an evidentiary hearing"). It is plain from the face of the motion, the attached exhibits, and the prior proceedings in this case that Washington is not entitled to relief. Broadwater v. United States, 292 F.3d 1302, 1303 (11th Cir. 2003).

## IV. Certificate of Appealability and Leave to Appeal In Forma Pauperis Denied

The Court declines to issue a certificate of appealability because Washington has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). Nor will the Court authorize Washington to proceed on appeal in forma pauperis because such an appeal would not be taken in good faith. See

28 U.S.C. § 1915(a)(3). Washington shall be required to pay the full amount of the appellate filing fee pursuant to Section 1915(b)(1) and (2).

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Rico Remon Washington's pro se 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Civ. Doc. # 1; Crim. Doc. # 72) is **DENIED**. The Clerk is directed to enter judgment for the United States of America and to **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 14th day of July, 2021.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE